UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE YVES CHICOINEAU, <br><br> Plaintiff, <br><br> v. <br><br> BONNIER CORPORATION, <br><br> Defendant. | Docket No.: 1:18-cv-3264 |

### DEFENDANT BONNIER CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT

Defendant Bonnier Corporation ("Bonnier"), by and through the undersigned counsel and pursuant Rule 56 of the Federal Rules of Civil Procedure, files this Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on Liability Against Defendant for Copyright Infringement ("Motion"). In support, Bonnier states as follows:

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF DISPUTED FACTS .................................................................................2

LEGAL STANDARD .............................................................................................................4

LEGAL ARGUMENT .............................................................................................................5

    I.  The Plaintiff Has Failed to Establish a Valid Copyright .......................................5

    II. The Photograph is Neither Original Nor Copyrightable ......................................8

    III. Bonnier Has Not Acted Willfully .......................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)..................................................4

*Bridgeman Art Library, Ltd. v. Corel Corp.*,
 36 F. Supp. 2d at 196–97 (S.D.N.Y. 1999)..............................................................................9

*Celotex v. Catrett*,
 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).............................................5

*Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998)) .................................................................4

*Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 452 (S.D.N.Y. 2005) ...................................8

*McDermott v. Monday Monday, LLC*,
 No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018)..........................1

*Media Holdings, LLC v. Tabora*,
 No. 12 CIV-2234 LAK, 2012 WL 2711381, at *1 (S.D.N.Y. July 9, 2012)............................7

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)......................................................5

*Palmer/Kane LLC v. Rosen Book Works LLC*,
 204 F. Supp. 3d 565, 569 (SR.D.N.Y. 2016)............................................................................5

*Past Pluto Prods. Corp. v. Dana*, 627 F. Supp. 1435, 1440 (S.D.N.Y. 1986) ................................5

*Psihoyos v. John Wiley & Sons, Inc.*,
 No. 11 CIV-1416 JSR, 2011 WL 4634172, at *1 (S.D.N.Y. Oct. 4, 2011).............................7

*Psihoyos v. Pearson Educ., Inc.*,
 855 F. Supp. 2d 103, 119 (S.D.N.Y. 2012) .............................................................................9

*Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 324 (N.D.N.Y. 2016) .....................4

*Reed Elsevier, Inc. v. Muchnick*,
 559 U.S. 154, 157, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010)..................................................5

*Reynolds v. Hearst Commc'ns, Inc.*,
 No. 17-cv-6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ............................1

*Richard Feiner & Co. v. New York Times Co.*,
 No. 07-CIV-11218RMBRLE, 2008 WL 2963550, at *1 (S.D.N.Y. Aug. 1, 2008) ..................7

## **TABLE OF AUTHORITIES (Cont.)**

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*,
 338 F.3d 127, 131 (2d Cir. 2003)............................................................................................5

**STATUTES**

Federal Rule of Civil Procedure 56 .............................................................................................4

Federal Rule of Civil Procedure 34 .............................................................................................4

## INTRODUCTION

The plaintiff has not established that he is the owner of a valid copyright in the photograph of the Eiffel Tower (the "Photograph") that is the subject matter of this litigation. Throughout litigation, despite Bonnier's repeated requests, the plaintiff has failed to provide all documents within his possession that are responsive to Bonnier's discovery requests. Importantly, the plaintiff has failed to produce a valid copyright certificate for the Photograph that is at issue. The only evidence that the plaintiff has produced relating to his copyright ownership is a screenshot of a search on the Copyright Office's Public Catalog that purports to support the plaintiff's contention that it owns a valid copyright in the Photograph. The screenshot, however, provides absolutely no proof that the Photograph is covered by this copyright registration. It is impossible to conclude from this screenshot alone, which is the plaintiff's sole evidence of ownership, that the Photograph was provided to the Copyright Office, approved by the Copyright Office, and is covered under this registration. Moreover, the plaintiff has failed to put forth any evidence that the Photograph is original and copyrightable. Due to the lack of credible evidence presented in support of the plaintiff's Motion, the Motion must be denied.

It is no secret among the Southern District of New York that Mr. Liebowitz, Esq. is known as a copyright troll. In fact, at least two judges in the Southern District have so characterized him in recent opinions.[1] It is clear that this litigation results from the business model of the plaintiff's attorney. Rather than resolving the matter pre-litigation, counsel made exorbitant demands that virtually guaranteed yet another copyright infringement case would be

---

[1] *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-cv-6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (Cote, J.), *reconsideration denied*, No. 17-cv-6720(DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018); *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (Cote, J.).

filed by him in this District. Unfortunately, Bonnier is forced to defend against a claim that should have been resolved early and reasonably.

The plaintiff argues that Bonnier "is simply upset that Plaintiff did not accept Defendant's pre-filing settlement offer." The plaintiff is wrong. Make no mistake – this is lawyer-driven litigation. The plaintiff's counsel has a well-documented history of making extortionate demands on accused infringers. (Defendant Bonnier Corporation's Response to Plaintiff's Statement Pursuant to Local Rule 56.1 ("Bonnier's Rule 56.1 Response") at ¶ 29). When Bonnier refused to pay the plaintiff a sum that would have amounted to more than the plaintiff has made in his entire life in connection with his photography, the plaintiff sued. Unfortunately, these are merely business transactions for the plaintiff's counsel.

## STATEMENT OF DISPUTED FACTS

Though the plaintiff asserts to the contrary, Bonnier disputes that the plaintiff is a professional photographer. (Bonnier's Rule 56.1 Response" at ¶ 1). The plaintiff testified that photography is simply a hobby, and he is unable to make a living from photography. (*Id.*) Further, even though the plaintiff asserts that he has attached a copyright certificate to his Motion, he has not. (*Id.* at ¶ 7). The plaintiff has simply attached a screenshot of a copyright search. (*Id.*) The title of the copyright registration displayed in the screenshot does not identify the Photograph at issue. (*Id.*) In fact, the plaintiff has failed to present any evidence in his Motion that the Photograph at issue was provided to the Copyright Office, approved by the Copyright Office, and is covered by the copyright. (*Id.* at ¶ 8).

In addition, Bonnier disputes that the plaintiff's Photograph is copyrightable—the plaintiff simply took a photograph of a historical monument with no original angle, light and shade, exposure, and/or effects achieved by means of filters. (*Id.* at ¶ 5). The plaintiff himself

2

testified that the Photograph is a "pure picture photograph" that looks "very similar" to other photographs of the Eiffel Tower. (*Id.* at ¶ 5). The plaintiff further testified that this Photograph is older, and thus, distinguishable from his later photographs, which are edited. (*Id.*) In fact, any individual could have downloaded the plaintiff's Photograph on Bigstock.com for anywhere between $0.50 and a few dollars. (*Id.*) Moreover, though the plaintiff maintains that there are commercial advertisements visible where the Photograph is displayed, this is not true because the Photograph is no longer displayed on Bonnier's website (the "Website"). (*Id.* at ¶ 11). As such, Bonnier has not acted willfully (*Id.* at ¶ 28). Immediately upon receiving the plaintiff's demands, Bonnier removed the Photograph. (*Id.*) According to the plaintiff, his damages, if any, are minimal. (*Id.* at ¶¶ 23, 24).

Further, Bonnier disputes the plaintiff's allegation that Liebowitz Law Firm discovered Bonnier's article entitled Top 5 Romantic Spots to Steal a Kiss in Paris ("Bonnier Article") as part of its routine practice. While Mr. Liebowitz admits that it is his firm's routine practice to search the internet for infringing conduct, Liebowitz Law Firm did not discover the alleged copyright infringement in this case, at least according to Mr. Liebowitz's client. (Plaintiff's Rule 56. 1 Statement at ¶ 18 (citing the Declaration of Richard P. Liebowitz ("Liebowitz Declaration") at ¶ 5)).

In his declaration, Mr. Liebowitz appears to misrepresent that employees at his law firm discovered the alleged infringement in February 2018. (*Id.*) This assertion is contradicted by the plaintiff's own deposition testimony. Specifically, the plaintiff testified that he discovered the infringement in January 2018, not February 2018, following reading an article regarding the prevalence of infringement. (Bonnier's Rule 56.1 Response at ¶ 20). The plaintiff testified that he decided to run a search with the photographs that he had licensed to Bigstock.com, and that

3

the Photograph at issue in this case was the first one that the plaintiff found during his search. (*Id.*) On multiple occasions, the undersigned has requested that the plaintiff provide the documents related to his reverse search conducted in January 2018, but the plaintiff has refused. (*Id.* at ¶ 30). As a result, not only is the credibility of Mr. Liebowitz's Declaration in serious question, but he is also in violation of this Court's order and Rule 34 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 324 (N.D.N.Y. 2016) (citing *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998)); *see also* Fed. R. Civ. P. 56(e)(2). "In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party." *Id.* A disputed fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Ranieri*, 164 F. Supp. 3d at

325 (citing *Celotex v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). On a motion for summary judgment, the court must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). "In doing so, the court must draw all reasonable inferences in favor of the non-moving party." *Id.*

## LEGAL ARGUMENT

The test for copyright protection is originality. "[O]riginality is 'the *sine qua non* of copyright.'" *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003). "Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying." *Id.* "As a threshold matter, plaintiff must establish the existence and validity of its copyright, since in the absence of copyright even original creations are in the public domain and may be freely copied." *Past Pluto Prods. Corp. v. Dana*, 627 F. Supp. 1435, 1440 (S.D.N.Y. 1986). Here, the plaintiff has failed to establish that he owns a valid copyright in the Photograph at issue, a fatal deficiency. Therefore, the plaintiff cannot prevail on his Motion as to Bonnier's alleged copyright infringement.

### I. The Plaintiff Has Failed to Establish a Valid Copyright

Ownership of a valid copyright is a "precondition to filing suit." *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 569 (S.D.N.Y. 2016) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010)). While this requirement is not jurisdictional, "proper registration is a prerequisite to an action" for copyright infringement. *Id.* To establish prima facie evidence of copyright ownership, a valid copyright certificate must be produced. *Past Pluto Prods. Corp.*, 627 F. Supp. at 1440. Moreover, "validity

5

should not be assumed where other evidence casts doubt upon the integrity of the copyright." *Id.* The plaintiff has failed to put forth credible evidence to support the contention that he owns a validly registered copyright in the Photograph. As a result, the Court lacks the basic underlying facts to conclude that the plaintiff is a valid owner of a copyright in the work at issue. The Court's inquiry should end here.

Furthermore, the plaintiff misconstrues the evidence in his Motion. Specifically, the plaintiff states that he is in possession of *the certificate* of registration. (Plaintiff's Statement Pursuant to Local Rule 56.1 ("Plaintiff's Rule 56.1 Statement") at ¶ 7). If so, he failed to produce it in discovery. And, he did not attach it to his Motion. The plaintiff's declaration includes a false representation of the purported evidence—the plaintiff falsely asserts that "I am in possession of a registration certificate for the Photograph" and indicates that such certificate is attached. The plaintiff, however, has not attached a copyright certificate to his declaration. Instead, the plaintiff merely attaches a screenshot of a Public Catalog search performed on the United States Copyright Office's website. The plaintiff's screenshot is inadequate to satisfy the plaintiff's initial burden of demonstrating that he owns a copyright in the Photograph at issue.

First, the plaintiff's screenshot lacks identifying information that would permit the Court to conclude that this copyright registration number covers the Photograph. Importantly, an individual or entity that applies to register a copyright decides what to title the copyright. The plaintiff selected a vague and ambiguous title that fails to identify which photographs are actually covered by it. The plaintiff's title is simply *All 2002 photographs by Pierre Yves Chicoineau*. As a result, the Court lacks the necessary factual support to conclude that this copyright registration covers the Photograph—the only way to reach this conclusion is to make a factually unsupported assumption.

6

Moreover, the plaintiff's use of a "catch-all" title for his copyright does not cover "all photographs" that were taken that year. Only those photographs that the plaintiff provided to the Copyright Office and were approved and registered are covered by the plaintiff's registration. The plaintiff cannot rely solely on a screenshot that lacks any plausible identifying information to establish, at the summary judgment stage, that a valid copyright exists in the work at issue.[2] *See Media Holdings, LLC v. Tabora*, No. 12 CIV-2234 LAK, 2012 WL 2711381, at *1 (S.D.N.Y. July 9, 2012) (considering a screenshot of the Public Catalog at the motion to dismiss stage and holding that "the registration relied upon, at least on its face, is not for the motion picture that is the subject of the alleged infringement. The infringement claims cannot stand . . . ."); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV-1416 JSR, 2011 WL 4634172, at *1 (S.D.N.Y. Oct. 4, 2011) (Rakoff, J.) (expressing doubt that plaintiff could establish likelihood of success on the merits where the defendant pointed out potentially fatal flaws in the plaintiff's showing of "ownership of a valid copyright" where the plaintiff relied, in part, on screenshots of the Public Catalog); *Richard Feiner & Co. v. New York Times Co.*, No. 07-CIV-11218RMBRLE, 2008 WL 2963550, at *1 (S.D.N.Y. Aug. 1, 2008) ("Plaintiff has no certificate of registration in the [Hog Wild Image] and, therefore, does not have standing to invoke the jurisdiction of this Court over a claim [that the copyright] was infringed.").

In addition, the plaintiff has not provided evidence of the date on which he accessed the Public Catalog, conducted a copyright search, and took the screenshot. Therefore, based on the plaintiff's Motion and the record, neither Bonnier nor this Court has any proof that the 2002 copyright remains valid and enforceable sixteen years later. The plaintiff's Motion must be denied because the plaintiff has failed to make a threshold showing that he owns a valid

---

[2] Or, for that matter, how anyone could be put on notice of the existence of a copyright registration by the vague title?

7

copyright in the Photograph. As a result, there is a disputed issue of material fact as to whether the plaintiff is the owner of a valid copyright in the work.

## II. The Photograph is Neither Original Nor Copyrightable

In addition to the plaintiff's utter lack of proof of his copyright ownership, the plaintiff has failed to proffer any evidence of the originality of this Photograph of an extremely well-known historical monument. The plaintiff has failed to demonstrate through credible evidence that the Photograph at issue is original. The plaintiff merely recites in his declaration boilerplate language from case law. The plaintiff conclusively states that he selected the angle of shot, light and shade, exposure, and effects achieved by means of filters.[3] (Plaintiff's Rule 56.1 Statement at ¶ 5). The plaintiff, however, provides no supporting evidence or argument to assist the Court in conducting the originality analysis. The plaintiff does not identify a single element of the Photograph that is original. Indeed, the plaintiff's assertion is intentionally misleading.

Furthermore, the plaintiff's own deposition testimony establishes that the Photograph is not original, and thus, not copyrightable. The plaintiff testified that this Photograph, unlike his more recent photographs, was a "pure photograph"—not edited, revised, or unique. (Bonnier's Rule 56.1 Response at ¶ 5). The plaintiff also testified that the only "unique" parts of the Photograph are the clouds, the people walking, and the lights reflecting from the Eiffel Tower, all of which are an everyday occurrence at a historical monument. Attached to the Affidavit of Michael D. Crosbie, Esq. as Composite Exhibit "A" is a series of photographs belatedly produced by the plaintiff that he asserts were taken around the same time as the Photograph and provided to the Copyright Office. (*Id.* at ¶ 25). While the plaintiff asserts that these photographs

---

[3] *See Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 452 (S.D.N.Y. 2005) (stating that a photograph's originality can be found in features such as "angle of shot, light and shade, exposure, effects achieved by means of filters").

were among those provided to the Copyright Office, the photographs clearly reflect that the plaintiff was snapping "pure picture" photographs of his vacation to Paris with his wife, not unlike millions of other visitors each year.[4] (*Id.*) The plaintiff did not select the angle of shot, light and shade, exposure, and effects achieved by means of filters. "[P]hotographs of two-dimensional public domain works of art that are no more than 'slavish copying' of the original have been held not to warrant copyright protection." *Psihoyos v. Pearson Educ., Inc.*, 855 F. Supp. 2d 103, 119 (S.D.N.Y. 2012). "'[S]weat of the brow' alone is not the 'creative spark' which is the *sine qua non* of originality." *Bridgeman Art Library, Ltd. v. Corel Corp.*, 36 F. Supp. 2d at 196–97 (S.D.N.Y. 1999) (recognizing "that a photograph of a two-dimensional public domain work of art 'might not have enough originality to be eligible for its own copyright.'").

The plaintiff has failed to establish, beyond a boilerplate recitation of case law, that the Photograph at issue is copyrightable, much less that the plaintiff actually holds a valid, enforceable copyright in the Photograph. The plaintiff himself can hardly tell the difference between his own Photograph and other photographs of the Eiffel Tower taken at a similar time of day that are for sale on Shutterstock.com. (Bonnier's Rule 56.1 Response at ¶ 5). Therefore, the plaintiff's copyright infringement claim must fail because there is a disputed issue of material fact as to whether the Photograph is original and thus copyrightable.

### III. Bonnier Has Not Acted Willfully

Whether Bonnier acted willfully is a factual dispute that remains for determination. In the event the Court finds that the plaintiff has established copyright infringement, the plaintiff cannot produce any evidence that Bonnier acted willfully. (Bonnier's Rule 56.1 Response at ¶ 28). The

---

[4] The photographs attached to the Affidavit of Michael D. Crosbie, Esq. as Composite Exhibit A appear in the same sequence as in the plaintiff's production. (Bonnier's Rule 56.1 Response at ¶ 25).

plaintiff's Photograph, which was licensed by Bigstock.com nearly one hundred times, is readily available on the internet. In fact, the plaintiff admits that he found the Photograph on the Eiffel Tower website and the Eiffel Tower's restaurant's website. (*Id.* at ¶ 12). Furthermore, once Bonnier received notice that the plaintiff believed that the Photograph on the Website was his copyrighted work, Bonnier removed the Photograph immediately. (*Id.* at ¶ 28).

Specifically, in investigating the source of the Photograph, Bonnier discovered that an intern, Sarah Larson, had created the Article on the Website and posted the Photograph (*Id.* at ¶ 27). The credit link on the page clearly shows that Ms. Larson credited the Eiffel Tower website as the source of the image. (*Id.*) Bonnier has long-standing policies about the use of photographs and other intellectual property. (*Id.* at ¶ 26). The only conclusion one can draw from these facts is that the intern believed use of the Photograph was permissible because it came from the official website of the Eiffel Tower.

If the plaintiff suffered any damages, which Bonnier contends he has not, such damages are extremely minimal. The plaintiff is not a professional photographer and does not, and cannot, make a living from selling his photographs. (Bonnier's Rule 56.1 Response at ¶ 1). Further, the plaintiff has sold few photographs since 2002. (*Id.* at ¶ 24). In fact, through the plaintiff's use of stock photograph websites, the plaintiff has made very little since 2003—around $700 for all of his photographs—and no individual has ever requested a downloadable file of one of the plaintiff's images on his own website (*Id.*) The plaintiff makes $0.50 for each "sale" (a license) of the Photograph on Bigstock.com, and Bigstock.com has only licensed the Photograph approximately one hundred times. (*Id.*) During the last three to four years, the plaintiff has made about one dozen sales of his photography prints from his own website. (*Id.*) In addition, the plaintiff's similar photographs of the Eiffel Tower, which are edited and taken more recently, are

on sale for $300, but the plaintiff has not sold any of these photographs. (*Id.*) As a result, even if the Court were to conclude that the plaintiff has established copyright infringement, it is clear that Bonnier's conduct was not willful, and the plaintiff's damages, if any, are minimal.

## CONCLUSION

WHEREFORE, Bonnier Corporation respectfully requests that the Court deny the plaintiff Pierre Yves Chicoineau's Motion for Partial Summary Judgment on Liability Against Defendant For Copyright Infringement, and grant such other relief as the Court deems just and proper.

Dated: September 21, 2018

        */s/ Michael D. Crosbie*
        **MICHAEL D. CROSBIE, ESQ.**
        Florida Bar No. 72575
        Email: mcrosbie@shutts.com
        **MAUREEN K. ROGERS, ESQ.**
        Florida Bar No. 0119226
        Email: mrogers@shutts.com
        SHUTTS & BOWEN LLP
        300 S. Orange Avenue, Suite 1600
        Orlando, Florida 32801
        Telephone: 407-835-6796
        Facsimile: 407-849-7275

        */s/ Thomas E. Butler*
        **THOMAS E. BUTLER, ESQ. (local counsel)**
        (2483261)
        White and Williams, LLP
        7 Times Square, Suite 2900
        New York, New York 10036
        Telephone: 212-714-3070
        Facsimile: 212-631-4431
        Email: butlert@whiteandwilliams.com
        *Attorneys for Bonnier Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on September 21, 2018, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to all counsel of record.

*/s/ Michael D. Crosbie*
Michael D. Crosbie, Esq.
