UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIERRE-YVES CHICOINEAU,

                    Plaintiff,

   - against –

BONNIER CORPORATION

                    Defendant.

1:18-cv-03264 (JSR)

ECF Case

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

ARGUMENT .............................................................................................................................. 1

POINT I: DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE (OR VALID ARGUMENT) TO CHALLENGE THE VALIDITY OF PLAINTIFF'S COPYRIGHT REGISTRATION ................................................................................. 1

    A. THE COURT MAY TAKE JUDICIAL NOTICE OF THE COPYRIGHT OFFICE'S PUBLIC RECORD OF PLAINTIFF'S COPYRIGHT REGISTRATION ...................................................................... 1

    B. AS A MATTER OF LAW, A COPYRIGHT REGISTRATION IS NOT REQUIRED TO IDENTIFY THE TITLE OF EACH AND EVERY PHOTOGRAPH INCLUDED IN THE REGISTRATION ..................... 2

    C. PLAINTIFF HAS SWORN THAT THE PHOTOGRAPH IS ON DEPOSIT WITH THE 335 REGISTRATION; WHEREAS DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE TO THE CONTRARY DESPITE AMPLE OPPORTUNITY TO DO SO ....................................................... 4

POINT II: PLAINTIFF'S PHOTOGRAPH OF THE EIFFEL TOWER PLAINLY MEETS THE MINIMAL THRESHOLD OF ORIGINALITY REQUIRED FOR COPYRIGHT PROTECTION ................................................................................. 4

POINT III: DEFENDANT HAS ABANDONED ITS DEFENSES OF *DE MINIMIS* USE, LACHES, ESTOPPEL, ACQUIESCENCE, AND UNCLEAN HANDS ................. 6

POINT IV: DEFENDANT'S ARGUMENT REGARDING DAMAGES IS WHOLLY IRRELEVANT TO THE INSTANT MOTION BECAUSE DAMAGES ARE NOT AN ELEMENT OF AN INFRINGEMENT CLAIM ............................................... 7

POINT V: THE COURT CAN GRANT SUMMARY JUDGMENT ON LIABILITY WITHOUT DETERMINING THE ISSUE OF WILLFULNESS ............................ 7

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*,
   747 F.3d 673, 685 (9th Cir. 2014) ............................................................................................ 3

*Avillan v. Donahoe,*
   No. 13-CV-509(PAE), 2015 WL 728169, at *7 (S.D.N.Y. Feb. 19, 2015) .............................. 6

*Bridgeman Art Library, Ltd. v. Corel Corp.,*
   36 F.Supp.2d 191, 196 (S.D.N.Y.1999) .................................................................................. 5

*Cardiff Chamber of Commerce, Inc. v. Lebherz,*
   2016 WL 9525236, at *2 (S.D. Cal. July 15, 2016) ................................................................. 7

*Castle Rock Entertainment v. Carol Pub. Group, Inc.,*
   955 F.Supp. 260, 267 (S.D.N.Y.1997) .................................................................................... 8

*Champion v. Artuz*,
   76 F.3d 483, 485 (2d Cir. 1996) .............................................................................................. 6

*Cranston Print Works Co. v. J. Mason Prod.*,
   No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998) ......................... 7

*Davis v. Gap, Inc.,*
   246 F.3d 152 (2d Cir. 2001) ..................................................................................................... 7

*Duluth News–Tribune v. Mesabi Publ'g Co.*,
   84 F.3d 1093, 1096n. 2 (8th Cir. 1996) .................................................................................... 2

*EMI Entertainment World, Inc. v. Karen Records, Inc.*,
   806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212
   (S.D.N.Y. June 10, 2013) ........................................................................................................ 9

*Ets–Hokin v. Skyy Spirits, Inc.*,
   225 F.3d 1068, 1074-76 (9th Cir. 2000) .................................................................................. 5

*Fallaci v. New Gazette Literary Corp.*,
   568 F. Supp. 1172 (2d Cir. 1983) ............................................................................................. 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) .................................................. 7

*Fitzgerald Pub. Co. v. Baylor Pub. Co.*,
   807 F.2d 1110, 1115 (2d Cir. 1986) ......................................................................................... 8

*Friedman v. Live Nation*,
   833 F.3d 1180, 1189 (9th Cir. 2016) ...................................................................................... 8

*Goodman v. Universal Beauty Prod. Inc.,*
   No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) .......................... 4

*In re Aimster Copyright Litig.,*
   334 F.3d 643, 649 (7th Cir. 2003) .......................................................................................... 7

*Island Software & Computer Serv. Inc. v. Microsoft Corp.*,
   413 F.3d 257, 261 (2d Cir. 2005) ........................................................................................... 1

*Jackson v. Fed. Exp.,*
   766 F.3d 189, 198 (2d Cir. 2014) ........................................................................................... 6

*Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*,
   274 F. 932, 934 (S.D.N.Y. 1921) ........................................................................................... 5

*Mannion v. Coors Brewing Co.,*
   377 F.Supp.2d 444, 451 (S.D.N.Y. 2005) .............................................................................. 5

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
   722 F.3d 591, 598 (4th Cir. 2013) .......................................................................................... 3

*Psihoyos v. Pearson Educ., Inc.*,
   855 F. Supp. 2d 103, 119 (S.D.N.Y. 2012) ............................................................................ 5

*Silverman v. CBS Inc.*,
   632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989) ........................................... 8

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*,
   642 F.Supp.2d 167, 188 (S.D.N.Y. 2009) .............................................................................. 1

Szabo v. Errisson,
   68 F.3d 940, 943 (5th Cir. 1995), *abrogated on other grounds by Reed Elsevier, Inv. v. Muchnick*, 559 U.S. 154 (2010) ............................................................................................. 3

*U2 Home Entm't, Inc. v. Kylin TV, Inc.*,
   06–CV–02770, 2007 WL 2028108 (E.D.N.Y. July 10, 2007) ................................................ 2

*Viacom, Int'l Inc. v. Fanzine Int'l, Inc.,*
   98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) .......................................... 9

*Yurman Design, Inc. v. PAJ, Inc.,*
   262 F.3d 101, 112 (2d Cir.2001) ............................................................................................... 8

**RULES**

Fed.R.Evid. 201(b) ............................................................................................................................ 2
Fed.Civ.P. 56 ............................................................................................................................passim

**TREATISES**

1 NIMMER § 2.08[E][1], at 2-129 ....................................................................................... 5

4 Melville B. Nimmer & David Nimmer,
   NIMMER ON COPYRIGHT § 13.01, at 13–6 *159 (1999) ........................................................... 7

Melville B. Nimmer & David Nimmer,
   2 NIMMER ON COPYRIGHT § 7.16(B)(5)(c) (2013) .................................................................. 3

Plaintiff Pierre-Yves Chicoineau ("Plaintiff" or "Chicoineau") respectfully submits this reply memorandum of law in further support of his motion for summary judgment on liability for copyright infringement against Defendant Bonnier Corporation ("Defendant" or "Bonnier").

## ARGUMENT

**POINT I:    DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE (OR VALID ARGUMENT) TO CHALLENGE THE VALIDITY OF PLAINTIFF'S COPYRIGHT REGISTRATION**

In opposition to summary judgment, Defendant proffers three arguments to challenge the validity of Plaintiff's copyright registration. First, Defendant argues that the Court should simply disregard the Copyright Office's public record of Plaintiff's copyright registration, which is readily available on the Copyright Office's official website. Second, Defendant argues that the 335 Registration should be invalidated because it does not list the individual content title of each and every photograph on the face of the registration. Third, Defendant argues that the Photograph is not on deposit with the 335 Registration despite Plaintiff's sworn testimony that it is, in fact, registered with the Copyright Office.

**A.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE COPYRIGHT OFFICE'S PUBLIC RECORD OF PLAINTIFF'S COPYRIGHT REGISTRATION**

It is well-established that courts may take judicial notice of federal copyright registrations as published in the Copyright Office's registry. *See, e.g., Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (district courts are entitled to take judicial notice of federal copyright registrations, as published in the Copyright Office's registry); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F.Supp.2d 167, 188 (S.D.N.Y. 2009) (same); *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, 06–CV–02770, 2007 WL

1

2028108 (E.D.N.Y. July 10, 2007) (same); *cf. Duluth News–Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096n. 2 (8th Cir. 1996) (taking judicial notice of trademark registrations published in Patent and Trademark Office's registry).[1]

Here, Defendant argues that the Court should simply disregard the Copyright Office's public record of Plaintiff's copyright registration, which is readily available on the Copyright Office's official website. [D's Opposition Memo, Dkt. # 25, p. 10 of 16] But Plaintiff has submitted to the Court properly authenticated evidence[2] of the public record of the 335 Registration as maintained by the U.S. Copyright Office, a source "whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *see* Chicoineau Declaration, Ex. C [Dkt. #22-3] The official document submitted to the Court conclusively demonstrates that Plaintiff is the named copyright claimant, author and owner of all photographs registered in connection with the 335 Registration. [Dkt. #22-3]. As the Court has been "supplied with the necessary information," and Plaintiff has filed a motion, the court may take judicial notice of the official records as published in the Copyright Office's registry. Fed.R.Evid. 201(b)(2).

**B.   AS A MATTER OF LAW, A COPYRIGHT REGISTRATION IS NOT REQUIRED TO IDENTIFY THE TITLE OF EACH AND EVERY PHOTOGRAPH INCLUDED IN THE REGISTRATION**

Defendant also seeks to invalidate Plaintiff's copyright by arguing that the 335 Registration "fails to identify [by title] which photographs are actually covered by it." [D's

---

[1] Under Rule 201(b) of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

[2] Contrary to Defendant's assertions, the 335 Registration has been properly authenticated. [Chicoineau Declr., Dkt. #22, ¶ 6 ("Attached as Exhibit C is a true and correct copy of the 335 Registration as it is maintained on the website of the U.S. Copyright Office.")]. Defendant has failed to cite any authority for the proposition that because the 335 Registration was obtained 16 years ago it is somehow not authentic or is otherwise invalid.

Opposition Memo, Dkt. # 25, p. 10 of 16]. Defendant has failed to cite any legal authority for the proposition that a copyright registration for a group of photographs must list individual content titles for each photograph.

Indeed, the weight of Circuit authority - and Professor Nimmer - have rejected Defendant's argument. *See, e.g.*, *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 685 (9th Cir. 2014) (holding that plaintiff - a photograph agency - successfully registered the copyright both to its collections and to the individual images contained therein even though the titles of the individual works were not specified on the face of the registration: "[t]he procedure applied for over three decades by the Register of Copyrights to registration by stock photo agencies complied with the statutory requirements and did not violate any clear requirement to list individual authors and titles of the components within the work."); *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 598 (4th Cir. 2013) (rejecting the argument that a copyright applicant must identify the titles of individual photographs which comprise a collective work registration); *Szabo v. Errisson*, 68 F.3d 940, 943 (5th Cir. 1995), *abrogated on other grounds by Reed Elsevier, Inv. v. Muchnick*, 559 U.S. 154 (2010) ("when one copyrights a collection, the copyright extends to each individual work in the collection even though the names of each work are not expressly listed in the copyright registration"); *see also* Melville B. Nimmer & David Nimmer, 2 NIMMER ON COPYRIGHT § 7.16(B)(5)(c) (2013) (stating that the registration of a collective work should effect registration of the component works, even if the individual titles are not listed in the registration).

### C. PLAINTIFF HAS SWORN THAT THE PHOTOGRAPH IS ON DEPOSIT WITH THE 335 REGISTRATION; WHEREAS DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE TO THE CONTRARY DESPITE AMPLE OPPORTUNITY TO DO SO

Defendant also appears to argue that the Photograph at issue may not be deposit with the Copyright Office as part of the 335 Registration. But Plaintiff swears that it is. [Dkt. #22, ¶ 7]. Moreover, despite ample opportunity to do so, Defendant has failed to contact the Copyright Office and retrieve a certified deposit copy to rebut Plaintiff' sworn testimony.

As per Judge Forrest's ruling in *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018), a defendant facing summary judgment cannot simply point to the face of the registration and assert "See, this undermines the validity of the copyright." Rather, a defendant "still must proffer some evidence to bring its validity into question." *Id.* Specifically, a defendant's failure to request a certified deposit copy from the Copyright Office proves fatal to the challenge of validity:

> defendants argue that the certificate submitted by plaintiff does not "prove" that it relates to the Photograph at issue here; rather, they note, the certificate merely refers to a work entitled "Bald Man.jpg; 11/22/10." But again, defendants offer nothing more than speculative assertions to support this contention. <u>A full period of discovery has occurred in this case; defendants had the opportunity to request a certified deposit copy from the U.S. Copyright Office and submit it with their opposition to plaintiff's motion for summary judgment. Their failure to submit any evidence, however, prevents them from raising a triable issue on the validity of the registration</u>

*Goodman,* 2018 WL 1274855, at *5 (underline added).

In short, none of Defendant's arguments undermine the validity of Plaintiff's copyright registration, particularly given that Defendant has not presented any evidence to the Court which could serve to undermine the validity of the 335 Registration.

### POINT II: PLAINTIFF'S PHOTOGRAPH OF THE EIFFEL TOWER PLAINLY MEETS THE MINIMAL THRESHOLD OF ORIGINALITY REQUIRED FOR COPYRIGHT PROTECTION

Defendant also challenges Plaintiff's copyright ownership on grounds that his Photograph

4

of the Eiffel Tower lacks originality.  This is an absurd argument.  "Almost any photograph 'may claim the necessary originality to support a copyright.'" *Mannion v. Coors Brewing Co.,* 377 F.Supp.2d 444, 451 (S.D.N.Y. 2005) (*citing* 1 NIMMER § 2.08[E][1], at 2-129; *Bridgeman Art Library, Ltd. v. Corel Corp.,* 36 F.Supp.2d 191, 196 (S.D.N.Y.1999)).  Indeed, "[e]ven the slightest artistic touch will meet the originality test for a photograph." *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1074-76 (9th Cir. 2000); *see also Jewelers' Circular Pub. Co. v. Keystone Pub. Co.*, 274 F. 932, 934 (S.D.N.Y. 1921) (Judge Learned Hand) ("no photograph, however simple, can be unaffected by the personal influence of the author.").

Here, if the Court adopts Judge Learned Hand's holding in *Jewelers' Circular Pub. Co.*, then no further inquiry is necessary.  Indeed, the Court would be justified in holding that *any* photograph of any <u>three-dimensional</u> national monument meets the minimal threshold of originality required for copyright protection.  Simply put, no two photographs of such objects could be rendered exactly the same.

Defendant cites to cases which recognize that "slavish copying" of <u>two-dimensional objects</u>, such as paintings or sketches, may not be entitled to copyright protection.  *See, e.g, Psihoyos v. Pearson Educ., Inc.*, 855 F. Supp. 2d 103, 119 (S.D.N.Y. 2012) (considering whether photograph of an original sketch of the Natural Museum of London was original); *Bridgeman Art Library, Ltd. v. Corel Corp.*, 36 F.Supp. 2d at 196-97 (S.D.N.Y. 1999)  (considering whether a photograph of other printed matter amounts to nothing more than slavish copying).  But these line of cases deal with photographs of two-dimensional materials such as drawing, sketches and paintings.  Those cases are inapposite.  Defendant has failed to cite any caselaw to support the proposition that a photograph of a three-dimensional national monument, such as the Eiffel Tower, is ineligible for copyright protection.  For that reason alone, Defendant's challenge to the

originality of Plaintiff's photograph fails.[3]

**POINT III:   DEFENDANT HAS ABANDONED ITS DEFENSES OF *DE MINIMIS* USE, LACHES, ESTOPPEL, ACQUIESCENCE, AND UNCLEAN HANDS**

In Point III-V of Plaintiff's principal brief, Plaintiff argued that the defenses of *de minimis* use, laches, estoppel, acquiescence, and unclean hands (bad faith) should be dismissed.

Defendants have failed to address any of these arguments in their opposition brief and have therefore abandoned these defenses.  *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned."); *Avillan v. Donahoe*, No. 13-CV-509(PAE), 2015 WL 728169, at *7 (S.D.N.Y. Feb. 19, 2015) ("Where a party fails to raise an argument in his opposition to summary judgment, that argument has been waived."); *see also Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) ("[L]itigants should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion 'may not rest upon the mere allegations or denials' of the party's pleading and that if the party does not respond properly, 'summary judgment, if appropriate, shall be entered' against him." (*quoting Graham v. Lewinski*, 848 F.2d 342,344 (2d Cir. 1988))).[4]

---

[3] Defendant also cites to Plaintiff's deposition testimony concerning what lighting or effects were used to compose the Photograph.  However, Plaintiff testified that he selected the angle of shot, light and shade, exposure, and effects achieved by means of filters [Dkt. #22-1, ¶ 4] Defendant has mischaracterized Plaintiff's deposition testimony and, in any event, has failed to identify any contradiction that would undermine the originality of the work in question.

[4] With respect to the timeliness of the lawsuit, Defendant argues that the infringement was discovered by Plaintiff in January 2018 rather than by Plaintiff's counsel a month later in February 2018.  But regardless of who discovered the infringement in 2018, Defendant has failed to address its laches defense in opposition to summary judgment (and never interposed a statute of limitations defense in its Answer).  Accordingly, the laches defense has been abandoned.

6

**POINT IV:   DEFENDANT'S ARGUMENT REGARDING DAMAGES IS WHOLLY IRRELEVANT TO THE INSTANT MOTION BECAUSE DAMAGES ARE NOT AN ELEMENT OF AN INFRINGEMENT CLAIM**

Defendant argues that damages in this case are minimal. [D's Opposition Memo, Dkt. # 25, p. 14-16]. Plaintiff disputes this but has not moved for summary judgment on the issue of damages. In any event, a copyright holder is not required to show any damages to sustain his infringement claim. *See, e,g., Davis v. Gap, Inc.,* 246 F.3d 152 (2d Cir. 2001) ("The existence of damages suffered is not an essential element of a claim for copyright infringement.") (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Cardiff Chamber of Commerce, Inc. v. Lebherz*, 2016 WL 9525236, at *2 (S.D. Cal. July 15, 2016) ("[t]he harm is the invasion of the copyright; no financial loss is required."); *In re Aimster Copyright Litig.,* 334 F.3d 643, 649 (7th Cir. 2003) ("[A] copyright owner who can prove infringement need not show that the infringement caused him a financial loss."); *see also* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13–6 *159 (1999) ("Notably absent from this formulation of the prima facie case is damage or any harm to [the] plaintiff resulting from the infringement.").

Accordingly, the Court may grant summary judgment against Defendant on infringement liability with any regard to damages suffered.

**POINT V:   THE COURT CAN GRANT SUMMARY JUDGMENT ON LIABILITY WITHOUT DETERMINING THE ISSUE OF WILLFULNESS**

Defendant argues that its infringing conduct was not willful. But the issue of willfulness only relates to damages, not liability. *Cranston Print Works Co. v. J. Mason Prod.*, No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998) ("the willfulness of their actions -- which is significant only for the purpose of assessing damages -- is better left for trial."). Moreover, the issue of willfulness should be reserved for the fact-finder. *Silverman v. CBS Inc.*,

632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989) ("Any determination of 'willfullness' involves the [infringer]'s intent and, as such, is an issue of fact that requires an evidentiary hearing. Accordingly, we reserve the issue of damages for trial.").

To prove "willfulness" under the Copyright Act, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software & Computer Serv.*, 413 F.3d at 263 (citations omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir.2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement. A plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement."). "[A] defendant's actual or constructive knowledge proves willfulness." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). Thus, if Defendant knew or <u>should have known</u> that it was required to obtain a license from the rightful copyright holder, but failed to do so, the Court can find willfulness.

Here, the issue of willfulness should be reserved for the fact-finder because Defendant is in the publishing business and therefore presumed to be sophisticated about copyright law and licensing procedures. *See, e.g.*, *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Castle Rock Entertainment v. Carol Pub. Group, Inc.,* 955 F.Supp. 260, 267 (S.D.N.Y.1997) (where publisher "testified that his company has had experience with the copyright laws, and that he is familiar with the

requirements of those laws, the court found publisher acted in reckless disregard because it was sophisticated with respect to the publishing industry and copyright laws); *Viacom, Int'l Inc. v. Fanzine Int'l, Inc.,* 98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) (finding willful infringement where defendant was "a multi-national publishing company that publishes over 200 magazine releases a year" and "[a]s such ... is or should be familiar with copyright law and particularly with the general practices of securing permission before reproducing copyrighted works"); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law."); *Van Der Zee*, 2006 WL 44020 at *2 ("Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs.").

Further evidence of willfulness will be presented at trial through witness testimony.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment on liability against Defendant Bonnier Corporation for copyright infringement should be GRANTED.


Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

by: **/richardpliebowitz/**
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowtizlawfirm.com

9

*Counsel for Plaintiff Pierre-Yves Chicoineau*