UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE-YVES CHICOINEAU<br><br>                    Plaintiff,<br><br>    - against –<br><br>BONNIER CORPORATION<br><br><br>                    Defendant. | 1:18-cv-03264 (JSR)<br><br>ECF Case |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S 56.1 COUNTER-STATEMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Civil Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Pierre-Yves Chicoineau ("Plaintiff") hereby responds to Defendant Bonnier Corporation's Counter-Statement of Facts Pursuant to Local Rule 56.1 [Dkt. # 32] ("Defendant's 56.1" or "D. 56.1") for purposes of Plaintiff's motion for partial summary judgment.

Plaintiff makes these responses for the purposes of Plaintiff's motion for summary judgment only, and they should not be construed as admissions for any other purposes. *See* Local Civil Rule 56.1(c). Plaintiff's agreement that a given factual or other statement is undisputed should not be construed as an agreement that the factual or other statement is material or relevant to any issue in this case (including with respect to the grounds upon which each of the parties seek summary judgment). Plaintiff specifically objects to Defendant's inclusion of statements other than those set out in enumerated paragraphs—

including in section headings—and his lack of response to those statements should not be construed as an admission that the statements are not in dispute.

---

*22. Bigstock.com licensed the Photograph one hundred times between 2003 and 2018*

**Plaintiff's Response:** Disputed on grounds that the number of times Bigstock.com licensed the Photograph is not relevant to any issue on Plaintiff's instant motion for summary judgment and thus no further response is required. Plaintiff reserves his right to dispute such facts at trial on the issue of damages.

*23. Any individual could have downloaded the plaintiff's Photograph on Bigstock.com for anywhere between $0.50 and a few dollars.*

**Plaintiff's Response:** Disputed on grounds that the licensing fees charged by Bigstock.com are not relevant to any issue on Plaintiff's instant motion for summary judgment and thus no further response is required. Plaintiff reserves his right to dispute such facts at trial on the issue of damages.

*24. The plaintiff has sold few photographs since 2002 when he took the Photograph. In fact, the plaintiff has made very little through his use of stock photograph websites such as Bigstock.com, and no individual has ever requested a downloadable file of the plaintiffs images on his website (Id. at 11). From 2003 through 2017, the plaintiff made only $700 through Bigstock.com's licensing of his various images. (Id. at 39:1-13). The plaintiff makes approximately $0.50 to a few dollars for each sale (license) of the Photograph on Bigstock.com, and the plaintiff has only licensed this Photograph one hundred times in the past fifteen years. (Id. at 11). During the last three to four years, the plaintiff has only made about a dozen sales of his photography from his own website. (Id. at 41:5-12). In addition, the plaintiff has listed for sale on his website similar photographs of the Eiffel Tower with the two beams of light for $300. (Id. at 60:1 —24, Ex. 13; 62-63, Ex. 14). The plaintiff, however, testified that he has not made any sales of these Eiffel Tower photographs. (Id. at 60:2-7, Ex. 12).*

**Plaintiff's Response:** Disputed on grounds that the rates and fees charged are not relevant to any issue on Plaintiff's instant motion for summary judgment and thus no further response is required. Plaintiff reserves his right to dispute such facts at trial on the issue of damages.

25.     The plaintiff took a series of photographs that he asserts were taken around the same time as the Photograph at issue. These photographs clearly reflect that the plaintiff was snapping "pure picture" photographs of his vacation to Paris with his wife, and that the plaintiff did not select the angle of shot, light and shade, exposure, and effects achieved by means of filters. (Affidavit of Michael D. Crosbie, Esq. ("Crosbie Aff.") at 112-4), Composite Exhibit A).

**Plaintiff's Response:** Undisputed that Plaintiff took a series of photographs that were taken around the same time as the Photograph at issue.  **The remainder of paragraph 25 is** disputed on grounds that Plaintiff selected the angle of shot, light and shade, exposure, and effects achieved by means of filters in composing his rendition of the Eiffel Tower.  [Chicoineau Declr., ¶ 4]

26.     Bonnier has a long-standing policy of verifying the right to use intellectual property, including photographs. Bonnier, as a media company, respects the work of others. (Bonnier Aff. at ¶ 6).

**Plaintiff's Response:** Undisputed that Bonnier has a long-standing policy of verifying the right to use intellectual property, including photographs.  Undisputed that Bonnier is a media company.  Disputed that Bonnier respects the work of others given that it failed to obtain a license in this case. [Amended Answer ¶¶ 12, 14 (Dkt. #19)]

27. Bonnier employed an intern, Sarah Larson. Sarah Larson posted the Photograph on the Article on the Website. From the credit link associated with the Photograph, it appears that the intern downloaded the Photograph from the Eiffel Tower's official website. The intern

*credited the Eiffel Tower website as the source of the image. The plaintiff's testimony corroborates this, because he too saw the Photograph on the Eiffel Tower's website.* (Id. at ¶ 7).

**Plaintiff's Response:** Disputed on grounds that how Defendant obtained the photograph is not relevant to any issue on Plaintiff's instant motion for summary judgment and thus no further response is required. Plaintiff reserves his right to dispute such facts at trial on the issue of damages and willfulness.

28. *Bonnier has not acted willfully. Bonnier removed the Photograph immediately upon receiving demand from the plaintiff that he believed it was his Photograph.* (Id. at ¶ 8).

**Plaintiff's Response:** Disputed on grounds that paragraph 28 calls for a legal conclusion concerning the issue of willfulness. Undisputed that Bonnier removed the Photograph after Plaintiff made its demand.

29. *The plaintiff's counsel has a well-documented history of making unreasonable demands on accused infringers. One such example is an article published on Slate.com entitled Why Every Media Company Fears Richard Liebowitz. Bonnier, a media company, has also been targeted by Mr. Liebowitz's practices.* (Bonnier Aff., ¶ at 10, Ex. A).

**Plaintiff's Response:** Disputed on grounds that Mr. Liebowitz seeks to enforce the Nation's copyright laws by suing copyright infringers, as evidenced by this action [Complaint, Dkt. #1]. Undisputed that Liebowitz Law Firm has previously sued Bonnier for copyright infringement.

30. *On multiple occasions, Michael D. Crosbie, Esq., attorney for Bonnier, has requested that the plaintiff provide the documents related to a reverse search of the plaintiff's photographs that plaintiff conducted in January 2018, but the plaintiff has refused to provide the documents.* (Crosbie Aff. ¶ 5).

*credited the Eiffel Tower website as the source of the image. The plaintiff's testimony corroborates this, because he too saw the Photograph on the Eiffel Tower's website.* (Id. at ¶ 7).

**Plaintiff's Response:** Disputed on grounds that how Defendant obtained the photograph is not relevant to any issue on Plaintiff's instant motion for summary judgment and thus no further response is required. Plaintiff reserves his right to dispute such facts at trial on the issue of damages and willfulness.

28. *Bonnier has not acted willfully. Bonnier removed the Photograph immediately upon receiving demand from the plaintiff that he believed it was his Photograph.* (Id. at ¶ 8).

**Plaintiff's Response:** Disputed on grounds that paragraph 28 calls for a legal conclusion concerning the issue of willfulness. Undisputed that Bonnier removed the Photograph after Plaintiff made its demand.

29. *The plaintiff's counsel has a well-documented history of making unreasonable demands on accused infringers. One such example is an article published on Slate.com entitled Why Every Media Company Fears Richard Liebowitz. Bonnier, a media company, has also been targeted by Mr. Liebowitz's practices.* (Bonnier Aff., ¶ at 10, Ex. A).

**Plaintiff's Response:** Disputed on grounds that Mr. Liebowitz seeks to enforce the Nation's copyright laws by suing copyright infringers, as evidenced by this action [Complaint, Dkt. #1]. Undisputed that Liebowitz Law Firm has previously sued Bonnier for copyright infringement.

30. *On multiple occasions, Michael D. Crosbie, Esq., attorney for Bonnier, has requested that the plaintiff provide the documents related to a reverse search of the plaintiff's photographs that plaintiff conducted in January 2018, but the plaintiff has refused to provide the documents.* (Crosbie Aff. ¶ 5).

**Plaintiff's Response:** Undisputed and avers that such documents are protected by the Work Product doctrine.

Dated: September 28, 2018

                    LIEBOWITZ LAW FIRM, PLLC

                    /s/richardpliebowitz/
                    Richard P. Liebowitz
                    11 Sunrise Plaza, Ste. 305
                    Valley Stream, NY 11580
                    (516) 233-1660
                    rl@liebowitzlawfirm.com

                    *Counsel for Plaintiff Pierre-Yves Chicoineau*