```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PIERRE-YVES CHICOINEAU,              :
                                     :
        Plaintiff,                   :
                                     :        18-cv-3264 (JSR)
        -v-                          :
                                     :        MEMORANDUM ORDER
BONNIER CORPORATION,                 :
                                     :
        Defendant.                   :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/18

JED S. RAKOFF, U.S.D.J.

In November of 2002, plaintiff Pierre-Yves Chicoineau took a photograph of the Eiffel Tower. ECF No. 22, at ¶ 4. Eight years later, defendant Bonnier Corporation published an online article that displayed Chicoineau's photograph without his permission. ECF No. 24, at ¶¶ 9-15. Chicoineau sued for copyright infringement, and he now moves for partial summary judgment on the issue of liability. ECF No. 20. Bonnier opposes on two grounds: first, that Chicoineau "has failed to put forth credible evidence to support the contention that he owns a validly registered copyright in the Photograph," ECF No. 25, at 6; and, second, that Chicoineau has failed to establish that his photograph is original, see id. at 8-9. For the reasons below, Chicoineau's motion is granted.

Rule 56(a) of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." On a motion for summary judgment, "[t]he movant bears the burden of demonstrating the absence of a genuine dispute of fact, and . . . the court must . . . draw[] all reasonable inferences in favor of a non-movant." Palmer/Kane LLC v. Rosen Book Works LLC, 204 F. Supp. 3d 565, 568 (S.D.N.Y. 2016).[1]

In a copyright infringement action, the plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Before filing suit, the plaintiff must register the copyright with the Copyright Office. See 17 U.S.C. § 411(a). Bonnier does not dispute that Chicoineau took the photograph at issue, ECF No. 26, at ¶ 5, or that Bonnier displayed Chicoineau's photograph on its website, id. ¶ 10. Bonnier disputes only that Chicoineau's copyright is validly registered and that the photograph is original. ECF No. 25, at 5-9.

Taking Bonnier's second argument first, there is no question that Chicoineau's photograph is original. "Original, as the term is used in copyright, means only that the work was independently created by the author . . . and that it possesses

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

at least some minimal degree of creativity." Feist Publications, Inc., 499 U.S. at 345. "Almost any photograph may claim the necessary originality to support a copyright," Mannion v. Coors Brewing Co., 377 F. Supp. 2d 444, 450 (S.D.N.Y. 2005), and Chicoineau's is no exception. The lighting, angle, and depth are only three of the photograph's myriad original elements. Their pleasing and original juxtaposition was likely one of the very reasons defendant chose this particular photograph to publish.

Moving to the issue of registration, Chicoineau has submitted a copy of a registration certificate from the Copyright Office's website for a CD-ROM titled "All 2002 photographs by Pierre Yves Chicoineau." ECF No. 22, Ex. C. In a sworn declaration, Chicoineau states that he "personally deposited the Photograph with the U.S. Copyright Office as part of [his] application for the . . . Registration." ECF No. 22, at ¶ 7. Bonnier offers no evidence to contradict Chicoineau's declaration, but argues only that the certificate's "vague and ambiguous title . . . fails to identify which photographs are actually covered by it." ECF No. 25, at 6.

Given Chicoineau's sworn declaration that he included the photograph in question in the group he registered, Bonnier's speculation is insufficient to create a triable issue of fact as to whether Chicoineau's registration covers the photograph at issue. Bonnier cites no case in support of the proposition that

3

a registration for multiple works must name each work that it covers, and Chicoineau cites multiple cases to the contrary. See, e.g., Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co., 747 F.3d 673, 685 (9th Cir. 2014); Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 599-600 (4th Cir. 2013). Additionally, another judge in this District recently rejected a similar argument to Bonnier's in Goodman v. Universal Beauty Products Inc., No. 17-cv-1716 (KBF), 2018 WL 1274855 (S.D.N.Y. Mar. 9, 2018). There the defendants argued that the plaintiff failed to prove its registration certificate covered the allegedly infringed photograph because the certificate contained only the title of the work that it covered. See id. at *5. The Court held that the "defendants offer[ed] nothing more than speculative assertions to support this contention," and that "[t]heir failure to submit any evidence . . . prevent[ed] them from raising a triable issue on the validity of the registration." Id. This case is on all fours with Goodman, and Bonnier's arguments regarding registration are similarly unavailing.

Accordingly, Chicoineau's motion for partial summary judgment on the issue of liability is granted. Since there appear to be no jury issues respecting damages, the Court will refer the matter to Magistrate Judge Ona T. Wang for a Damages Hearing to determine the amount of damages.

SO ORDERED

Dated:   New York, NY
         October 15, 2018

_____
JED S. RAKOFF, U.S.D.J.