J135chiC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

PIERRE YVES CHICOINEAU,

             Plaintiff,              New York, N.Y.

        v.                           18 Civ. 3264 (JSR)(OTW)

BONNIER CORPORATION,

             Defendant.

------------------------------x
                                     January 3, 2019
                                     3:15 [

Before:

                    HON. ONA T. WANG,

                                     District Judge


                         APPEARANCES


LIEBOWITZ LAW FIRM, PLLC
     Attorneys for Plaintiff
BY:  JAMES H. FREEMAN

WHITE AND WILLIAMS
     Attorneys for Defendant
BY:  THOMAS E. BUTLER
```

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your name.
3              MR. FREEMAN:  Good afternoon, your Honor.  James
4    Freeman, Liebowitz Law Firm on behalf of plaintiff Pierre
5    Chicoineau.
6              THE COURT:  Good afternoon.
7              MR. BUTLER:  Good afternoon, your Honor.  Thomas
8    Butler from White and Williams for the defendant Bonnier
9    Corporation.
10             THE COURT:  Okay.  Good afternoon.  Please, be seated.
11   And if you haven't appeared before me, I know Mr. Freeman has,
12   feel free to address me from a seated position.  However you
13   are comfortable.
14             We are here for status conference after Judge Rakoff's
15   memorandum and order, memorandum and order on summary judgment
16   as to liability.  So, I guess I will turn it over to plaintiff.
17   How do you propose -- I mean I guess, number one, have the
18   parties had any discussion about potential range of what the
19   potential damages might be and whether there might be a
20   settlement on the damages number and, if not, or even if so,
21   how plaintiff plans to prove up their damages.
22             MR. FREEMAN:  Okay.  Thank you, your Honor.
23             I believe since the order came down we have not had
24   further settlement discussions with the defendant.  We are
25   positioned to try this case on the issue of willfulness and

J135chiC                           conference

damages and I say that because the Court's order indicated that the case would be referred to your Honor to determine damages but one of the prerequisites to determining the amount of damages in a statutory damages case is the state of mind of the defendant; whether or not it is willful, non-willful, or innocent infringement. And this is significant not only for the calculation of an award of damages, but also for an award of potential attorneys fees to plaintiff.

So, the issue of willfulness is one that involves the defendants state of mind, it is a totality of the circumstances are to be considered, so we envision what is essentially a one-day bench trial which would incorporate not only live testimony but obviously the presentation of documentary evidence. So, that is our position on procedure.

With respect to the amount of damages sought, the statutory damages provision, and pursuant to case law, is often interpreted as both compensatory and there is also a deterrence factor. So, we are not only here to determine what was the lost licensing fee, we are also here to determine whether or not there should be a deterrence factor in the form of a civil penalty that should be imposed against the defendant who I should note is a large scale media corporation, important that they're large scale because, you know, a small deterrence award -- well, a small award would not do anything to deter this defendant or others similarly situated, given that they're

J135chiC                           conference

so large; and number two, they're a media corporation so they are in the business of exploiting copyrights, this is what they do.  So, the idea that they took a photograph without permission and exploited it, they should have known better. And the burden of proof on us in terms of willfulness is to establish that they acted in a reckless disregard for the plaintiff's rights.  So, what does that mean?  It means they knew what they were supposed to do, i.e., license the photo, and they failed to do it.  Then we have satisfied our burden on the issue of willfulness.

So, I am certain that defendants will come in to court and argue that the proper measure of damages is the lost licensing fees.  We, however, are not convinced that that's the appropriate measure and in fact there is a Second Circuit authority for the proposition that there does not have to be any connection whatsoever between a statutory damages award and actual damages.  That's the case of Psihoyos v. John Wiley, a 2014 case.

So, we will be seeking a civil penalty in the amount of $30,000 without regard to what the actual lost licensing fee was.  Granted, the lost licensing fee can be used as a factor to determine what the civil penalty is, but we will let the defendant advance that theory.  Our theory is basically not unlike jumping the subway turnstile, if you get caught you get penalized; there is a civil penalty, there is a fine.  So, here

J135chiC                          conference

in this district, the ordinary course of practice of most district court judges, for example, in a default on a single image case in copyright infringement would be to award $30,000 in civil penalties and, in fact, Judge Rakoff has twice, in the last couple years, awarded $30,000 on a default.

So, we see no difference if we come in to court and we prove willfulness, we see no reason why there should be any difference between a defendant who is found liable versus a defendant who has defaulted. Ultimately, it is the same standard and anyway.

That's our theory.

THE COURT: Okay. All right.

Mr. Butler?

MR. BUTLER: Thank you, your Honor.

First, with respect to settlement discussions, I believe there were further discussions after liability was determined. It didn't involve either of us, it was our colleagues, and I think at one point we were close, I think the move might have moved up after the liability finding. We think we did make a very generous settlement offer considering all of the circumstances here and we are certainly prepared to revisit that if plaintiff has an interest in doing so.

With respect to plaintiff's suggestions about procedure, I don't disagree with anything plaintiff said. I think willfulness will be an issue in this matter and I would

anticipate, as well, a bench trial.  I suppose it would be something we would have to set aside a day for that and evidence would have to be presented.  Not surprisingly, I think we disagree very vehemently on the circumstances here and the likelihood of plaintiff actually establishing willfulness.

In this case the plaintiff was deposed, there is a fairly substantial written record as well.  This is a situation where an intern for our company, in posting an article, downloaded a picture at issue from the -- it is a picture of the Eiffel Tower, as your Honor knows, and it was downloaded under the Eiffel Tower's website where it was available and it was also available on the website of the restaurant at the Eiffel Tower the name of which escapes me at the moment.  That's how this came about.  That particular picture is widely available across the Internet.

With respect to Mr. Chicoineau, Mr. Chicoineau is an amateur photographer.  He took this particular picture and most of his pictures while he was on vacation in Paris.  When we deposed him we asked him about his track record for selling pictures.  I believe he indicated that he had made, in the 15 years he had been attempting to sell pictures, I think about $700, and I think that in addition to that, he testified that he had this particular picture on sale in various places for, I don't remember, I think it was about $300 and had yet to sell a single copy.

1    So, we don't think there are any real damages here.
2    With respect to the deterrence, while we appreciate what the
3    law is we couldn't think this case is anywhere close to cases
4    where $30,000 was awarded for deterrence.  Again, under the
5    circumstances, we don't think willfulness can be established,
6    we think that's fairly clear.  The mere fact that Bonnier is a
7    large, relatively large company, it is not as large as
8    plaintiff had claimed in their Rule 56 statement but we don't
9    think is particularly relevant given circumstances surrounding
10   this which are undisputed.
11       So, our view continues to be that the parties could,
12   and should resolve this and that the resolution would probably
13   be more beneficial, ultimately to plaintiff perhaps than the
14   damages that are awarded.  But, again, if we need to move
15   forward we are certainly, again I agree with plaintiff's
16   counsel as to the procedures that we would have to pursue.
17       THE COURT:  Okay.  So, as far as timing, do we really
18   need to just be setting a date for the parties to complete a
19   joint pretrial order and we will have another pretrial
20   conference?  Is there anything else that needs to be done?
21       MR. FREEMAN:  In advance of the hearing date?
22       THE COURT:  Yes.
23       MR. FREEMAN:  I would say I think that would cover it,
24   right?  We would have a joint pretrial order, maybe pretrial
25   memorandum of law, if your Honor would consider it.

1               THE COURT:  Yes.

2               MR. BUTLER:  Sure.  I think that makes sense, your
3    Honor.

4               THE COURT:  Okay.  So, my individual practices, you
5    can look on pages 7 and 8, has a pretty clear statement of what
6    needs to be done for a joint pretrial order and then the
7    following page also has a few, has a trial memorandum of law,
8    proposed findings of fact and conclusions of law, maybe the
9    request is before or after trial.

10              So, why don't start with the JPTO first.  My practices
11   say 30 days but given that we are so clear -- let's look at the
12   parties' schedules and see if 30 days is enough or if you need
13   more time, and then we will have another pretrial conference at
14   which point we will set a date.

15              MR. FREEMAN:  For plaintiff 30 days would be
16   sufficient, maybe 40 days.

17              MR. BUTLER:  45 days?

18              MR. FREEMAN:  Second week of February?

19              MR. BUTLER:  Yes, that would work for us.

20              THE COURT:  You would like to get it -- how about
21   let's have it due February 15th, which puts you right before
22   President's weekend, so that's a nice goal so you have a free
23   and clear President's weekend, and then I will be on criminal
24   duty the next week.

25              So, February 15th to file a joint pretrial order and

```
J135chiC                          conference
```

1     after the Court has reviewed it we will set a date, maybe we

2     should set a date for another pretrial conference if we need

3     more time at that point.  We should probably block the time out

4     now and have a pretrial conference at which point we will set a

5     date for trial.  Looking at the last week of February, first

6     week of March.  So February 26 at 11:00 a.m.?

7              MR. FREEMAN:  That's good for plaintiff, your Honor.

8              MR. BUTLER:  One second, your Honor?

9              THE COURT:  Mr. Butler.

10             MR. BUTLER:  Yes, your Honor.  That works.

11             THE COURT:  All right.  If something comes up and we

12    have to change it, we can obviously change it.  And the same

13    goes for the JPTO but let's try to keep this moving.  And if,

14    of course, the parties settle before then, let me know.  Okay?

15             MR. FREEMAN:  Thank you your Honor.

16             THE COURT:  Anything else we need.

17             MR. FREEMAN:  No.  Thank you, your Honor.

18             THE COURT:  Anything from defense?

19             MR. BUTLER:  No.  Thank you, your Honor.

20             THE COURT:  Thank you very much.  The parties are

21    directed to order the transcript and share the cost, and I look

22    forward to seeing you again in the spring.

23             MR. FREEMAN:  Thank you, your Honor.

24             MR. BUTLER:  Thank you, your Honor.

25             THE COURT:  Thank you.

                              o0o